THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* AUREO OCASIO RIVERA, Defendant and Appellant.

No. 6579. Argued March 16, 1937.—Decided March 30, 1937.

*Ismael Soldevila* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Aureo Ocasio Rivera, who on December 17, 1936, was convicted of adultery and sentenced to one year's imprisonment

in jail and to pay a fine of $100 and the costs, took an appeal from that judgment, and the period provided by law for the preparation of the transcript of the evidence having expired without his requesting any order therefor, he now asks this court to grant him leave to file the said transcript within a reasonable time. The defendant bases his motion on the fact that Justo A. Casablanca, Esq., ceased to be his attorney in the case, while the petitioner entertained the belief that the corresponding order for the preparation of the transcript of the evidence had been requested and obtained within the statutory time. He urges that based on this belief, he asked the stenographer who acted at the trial to prepare as soon as possible the transcript of the evidence for which he has already paid, and that he has been informed by a letter from the said stenographer that no order had been requested within the statutory time. Through his new attorney, Ismael Soldevila, Esq., he further states that there has been no fault on his part in regard to what has occurred, and that there will be no unnecessary delay in the prosecution of the appeal, for the stenographer of the district court has promised to prepare the transcript within a short time. The reasons adduced in support of the petition do not seem sufficient to grant the term prayed for. The defendant does not say that he formed the belief that the transcript of the evidence had been requested, because his attorney had erroneously furnished him with that information. In any event, his belief must have arisen from his having imagined that this requisite had been complied with by the said attorney. It is not explained in the motion when was it that Mr. Casablanca ceased in the representation of the defendant nor is any excuse given for the negligence, if any, of the defendant's attorney, nor does the defendant set forth in his motion facts from which we might infer that the appeal has sufficient merits for this court to exercise its discretion in

his favor. There is not the slightest allegation with respect to the merits of the case. Not even is the assertion made under oath that the appeal is meritorious.

The new term requested will be denied.